1

2                        IN THE UNITED STATES DISTRICT COURT

3                      FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6

7    JAMES E. SMITH,

8              Petitioner,               CV F 07 510 LJO  WMW PC

9         vs.                            FINDING AND RECOMMENDATION

10

11

12   VICTIMS COMPENSATION AND
     GOVERNMENT CLAIMS BOARD,
13   DONNA CORBIN

14

15              Respondents.

16

17         Petitioner is a state prisoner proceeding pro se in an a petition pursuant to the All Writs

18   Act, 28 U.S.C. §1651(a).   Petitioner names as respondents the Victims Compensation and

19   Government Claims Board and Donna Corbin.

20         Petitioner claims that he has made "repeated demands, request and sought court orders

21   requiring defendants to give him or turn over accurate records of legal instruments under the

22   Fourth, Fifth Amendment under Rules 64 and 65 Federal Rules of Civil Procedure. . . " Petitioner

23   also sets forth generalized allegations regarding difficulties in receiving his mail.

24         Respondent answers and contends that the petition should be denied. Petitioner fails to

25   articulate specific requests in the petition.  Attached as exhibits to the response are requests from

26   Petitioner to Respondent Board.

1   Respondent's Exhibit 3 is a claim filed by Petitioner, assigned claim no. G553072.

2   Petitioner claims that from July 3, 2004 to February 28, 2005, Warden Scribner, Mary Allhiser,

3   Joseph Manzella and Dave Wechtolborn violated his Fourteenth Amendment rights.  On March

4   15, 2005, Respondent Board responded to Petitioner via letter, indicating that his claim was

5   rejected because it raised complex issues of fact and law and should be resolved through formal

6   legal action.  (Ex. 3, p. 5).

7   On March 24, 2005, Petitioner filed claim no. G553853 with Respondent Board, claiming

8   that from July 3, 2003 to March 20, 2005, he suffered dental complaints.  On June 21, 2005, the

9   Board notified Petitioner that his claim was rejected at the June 15, 2005 hearing.  (Ex. 3, p. 23-

10  24).

11  On March 24, 2005, Petitioner filed claim no. G553854 with Respondent Board, claiming

12  that on November 26, 2005, he was subjected to blood extraction by Mary Allhiser.  On June 21,

13  2005, Petitioner was informed via letter that this claim was rejected at the June 16, 2005, hearing.

14  (Ex. 3, p. 21).

15  On March 8, 2006, Petitioner filed claim no. G560277 with Respondent Board, claiming

16  that on February 17, 2006, he sought $500 from Warden Castro.  No November 6, 2006,

17  Respondent Board responded to Petitioner via letter, rejecting his claim because it was a claim

18  for less than $1000.  (Ex. 3, p. 2).

19  Respondent Board has repeatedly delivered documents to Petitioner regarding his claims.

20  (Ex. 3, p. 2, 5, 16, 17, 21, 22).

21  It is clear from the response that Respondent Board has responded to the many requests

22  Petitioner has sent.  Though the petition is vague regarding what issue or what claim Petitioner is

23  responding to, it is clear that Respondent Board as responded to the requests.  The only claim by

24  Petitioner is a vague claim that he has sought information.

25  Accordingly, IT IS HEREBY RECOMMENDED that the petition be denied.

26

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.   The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


        IT IS SO ORDERED.

**Dated:    April 23, 2008           _____/s/  William M. Wunderlich_____**
                                UNITED STATES MAGISTRATE JUDGE